## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **HANS HANSEN**<br>10305 Montrose Avenue #101<br>Bethesda, Maryland 20814 | )<br>)<br>) |
| *Plaintiff* | )<br>)  Case No. V389191 |
| -vs- | )<br>) |
| **ORMAZABAL CURRENT, L.L.C.**<br>20459 Seneca Medows Parkway<br>Germantown, Md 20876 | )<br>)<br>) |
| PLEASE SERVE: | )<br>) |
| Jay L. Birnbaum, Resident Agent<br>8084 Split Oak Drive<br>Bethesda, MD 20817 | )<br>)<br>) |
| *Defendant* | )<br>) |

RECEIVED

MAR 2 0 2014

Clerk of the Circuit Court
Montgomery County, Md.

### COMPLAINT

#### COUNT I
#### INTENTIONAL MISREPRESENTATION

COMES NOW  the Plaintiff, Hans Hansen ("Hansen"), by and through his attorneys,

Dennis M. Ettlin and Brown and Sturm, and in support of this Complaint against

ORMAZABAL CURRENT, L.L.C. ("Current"), says:

1.  Plaintiff Hansen is an adult resident of Montgomery County, Maryland.

2.  At all times relevant to this suit, Hansen was a skilled IT Director.

3.      At all times relevant to this suit, Current was a limited liability company conducting regular business in Maryland and maintaining an office in Montgomery County, Maryland.

4.      At all times relevant to this suit Santiago Banales Lopez ("Santiago") was an authorized agent and executive officer of Current.

5.      At the times relevant to this suit Hansen was an employee of Current.

6.      On or about July 1, 2013, Santiago was Hansen's immediate supervisor at Current.

7.      On July 1, 2013, Hansen confided to Santiago that Hansen was concerned about recent changes in personnel and the business operations of Current. Hansen told Santiago that Hansen was uncertain about his future with Current. Santiago assured Hansen that Hansen would continue to have ongoing and long-term employment with Current.

8.      On or about October 17, 2013, Hansen received a firm job offer from Steben & Co., as an IT Director, at an annual salary of $120,000.

9.      On October 18, 2013, Hansen advised Santiago of the firm job offer from Steben & Co. Current, through Santiago, assured Hansen that Hanson had a secure future with Current and told Hansen not to accept the pending job offer from Steben & Co.

10.      Hansen relied on Current's representations though Santiago, believing them to be true. Because Santiago held an executive office and position with Current, Hansen was justified in relying on Santiago's representation.

11.     On October 21, 2013, Hansen, relying on Santiago's representation, declined the Steben & Co. offer of employment at a starting annual salary of $120,000.

12.     On October 22, 2013 Santiago asked Hansen for a list of all Current customers in the United States and overseas. Hansen complied with Santiago's request in full.  Hansen complied.

13.     Two days later, on October 24, 2013, Hansen again met with Santiago, and reassured Hansen that his future with Current was assured and that he had made the right decision to remain in Current's employ.

14.     On November 19, 2013, Santiago called Hansen into Santiago's office and summarily terminated Hansen's employment. When Hansen asked Santiago why he had assured Hansen a month earlier that Hanson had secure employment with Current, Santiago laughed and said it was an executive decision.

15.     On the same day, Hansen contacted Steben & Co. to find out if the earlier employment offer was still available. Steben & Co. advised Hansen that the position had been filled.

16.     After October 19, 2013 Hansen made numerous, conscientious efforts to obtain re-employment.

17.     Hansen was unable to obtain new employment until January 26, 2014.

18.     The statements by Santiago on behalf of Current concerning Hansen's continuing employment with Current constitute false assertions of material fact, that were intended to deceive Hansen and induce Hansen to forego other profitable employment.

19.     Santiago knew that his representations were false when he made them. Santiago desired to induce Hansen to remain with Current and provide valuable information and services for Current, knowing that Hansen would forego other employment to remain with Current.

20.     Current's representations though Santiago were made for the purpose of defrauding Hansen, with the intention of inducing Hansen rely upon them.

21.     Santiago possessed management information which enhanced his credibility concerning statements about Hansen's continued employment with Current.

22.     Santiago's actions and statements were made on behalf of Current, knowing that they were false or with a reckless disregard for the truth.

23.     Hansen was justified in relying on Current's misrepresentations.

24.     As a direct result of relying on the false representations of Santiago for Current, plaintiff suffered economic damage.

## COUNT II
### NEGLIGENT MISREPRESENTATION

25.     Hansen repeats the allegations in paragraphs 1 through 24 as fully as if set forth herein.

26.     Current, though its agent and representative Santiago, was negligent in the assertion of the false statements reference above.

27.     Santiago knew or reasonably would have known by reasonable inquiry or review of available inside information that Current did

not intend to retain Hansen for long-term employment.

28.     Santiago's false statements on behalf of Current were made with the intention of having Hansen act and rely upon these negligent assertions.

29.     Santiago desired and encouraged Hansen to forego other employment and remain with current knowing that Current did not intend to retain Hansen for long-term employment.

30.     As a result of the conduct and negligent misrepresentations of Santiago on behalf of Current, Hansen incurred damages, including lost of wages and the cost of Cobra insurance payments.

### COUNT III
### PROMISSORY ESTOPPEL

31.     The Plaintiff realleges paragraphs 1 through 24 as fully as if restated.

32.     On October 18, 2013, Hansen advised Santiago of the firm job offer from Steben & Co. Current, through Santiago, promised Hansen that if Hanson declined the pending offer from Steben & Co. Hansen would have continued long-term employment with Current.

33.     In reliance upon current's promise of continued long-term employment with current, Hansen declined the offer of employment with Steben & Co. and continued to provide valuable services to Current and a lesser salary then Hansen would have received at Steben & Co.

34.     As a result of relying on Current's promise of continuing long-term employment, Hansen has suffered economic damage to his detriment.

WHEREFORE Hansen demands judgment against Current in the amount of $26,276.30 in compensatory damages and $100,000 in punitive damages.

Respectfully submitted,

BROWN AND STURM

By: _____

Dennis M. Ettlin
260 East Jefferson Street
Rockville, Maryland 20850
(301) 762-2555
Attorneys for Plaintiff